IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| Tyler Seth Dustin Payne, | ) | Case No. 1:18-cv-00302 |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| Warden Brigham Sloan, | ) | |
| | ) | |
| Respondent. | ) | **ORDER** |
| | ) | |

On February 7, 2018, Petitioner Tyler Seth Dustin Payne ("Payne" or "Petitioner") filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus. ECF Doc. 1. Payne moved to proceed *in forma pauperis* on that same day (ECF Doc. 2), and the court granted the motion on February 9, 2018. ECF Doc. 4.

On March 2, 2018, Payne filed two additional motions: (1) a "Motion for an Order Granting Petitioner Exemption Status pursuant to Section (9) of the 'Electronic Public Access Fee Schedule'" (ECF Doc. 8); and (2) a "Motion for leave to file documents with the court via facsimile transmission or electronic mail." ECF Doc. 9. This order resolves both of Payne's motions.

### A. Motion for an Order Granting Petitioner Exemption Status pursuant to Section (9) of the "Electronic Public Access Fee Schedule"

Payne first requests to be exempt from PACER fees. ECF Doc. 08. Payne states that he "is unable to afford to pay the $50 fee required to create a PACER account and access the electronic court dockets of this court," because he is "an indigent inmate" incarcerated at the

Lake Erie Correctional institution who earns twenty dollars a month. ECF Doc. 08. Payne also states that he "only intends to do scholarly research related to the practices and procedures of pursuing a [p]etition for a [w]rit of [h]abeas [c]orpus in this [f]ederal [d]istrict [c]ourt."

There is no fee to register for PACER. *See PACER User Manual for CM/ECF Courts*, 6, June 2017, https://www.pacer.gov/documents/pacermanual.pdf. Users are charged $0.10 per page printed, viewed, or downloaded and the charge for any single document is capped at $3, or 30 pages. *See id*. at 4-5. If a user accrues less than $15 of charges in a quarter, the fees are waived for that period. *Id*. Further, pursuant to 28 U.S.C. § 2250, the clerk of court furnishes petitioner without cost certified copies of documents as required by court order.

Although courts may exempt certain persons from payment of PACER user fees, "[c]ourts should not . . . exempt individuals or groups that have the ability to pay the statutorily established access fee." *See* Electronic Public Access Fee Schedule (Issued in accordance with 28 U.S.C. §§ 1913, 1914, 1926, 1932, 1932), https://www.pacer.gov/documents/epa_feesched.pdf. "Those seeking an exemption [must] demonstrate[] that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information." *Id*. "[I]ndividual researchers requesting an exemption [must] show[] that the defined research project is intended for scholarly research, that it is limited in scope, and that it is not intended for redistribution on the internet or for commercial purposes." *Id*. The Judicial Conference Policy Notes caution that "[e]xemptions should be granted as the exception, not the rule." *See id*.

Petitioner's conclusory arguments regarding his intention to conduct "scholarly research" about how to properly prepare and file documents with this court or the practices and procedures for pursuing a petition for a writ of habeas corpus in this court are unpersuasive. This court

2

provides guidance and forms to *pro se* litigants on its website. *See e.g.* Pro Se Information, http://www.ohnd.uscourts.gov/pro-se-information (last visited Mar. 7, 2018). The court also has a help desk that can assist litigants with filings that is staffed from 8:00 a.m. to 4:45 p.m. (Eastern Time), and is available at all other times to record voice mail messages. *See* Help Desk, http://www.ohnd.uscourts.gov/content/help-desk (last visited Mar. 7, 2018).

Also unpersuasive is petitioner's conclusory and unsupported claim that requiring him to pay PACER fees will create an unreasonable burden and deny him access to information and his right of access to the courts. *C.f. Chasteen v. Johnson*, No. 2-12-cv-229, 2013 U.S. Dist. LEXIS 29298, at *2 (S.D. Ohio Mar. 5, 2013) (denying a request for an exemption to PACER fees when the plaintiff failed to "explain why the electronic copies of every document filed in this case, and which have presumably been made available to him free of charge, are insufficient to permit him to vigorously pursue his claims."). Although petitioner may be unable to afford the filing fees associated with his lawsuit, the court has no basis upon which to conclude that he is financially incapable of affording the minimal costs of the PACER system. "The statutory right to proceed in forma pauperis . . . does not include the right to obtain copies of court orders without payment therefor." *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) (per curiam); *see also Malouf v. Detroit Med. Ctr.*, No. 10-CV-14763, 2011 WL 1465787, at *1 (E.D. Mich. Apr. 18, 2011). Accordingly, the court concludes that petitioner has not established that he is entitled to an exemption from payment of PACER fees.

### B. Motion for Leave to File Documents with the Court via Facsimile Transmission or Electronic Mail

Payne's second request is for leave to file all documents via facsimile transmission or electronic mail. *See* ECF Doc. 9. Payne argues that the cost of first-class postage for filing

documents with the court "can be" unduly burdensome for an indigent incarcerated petitioner like him. *Id.*

This court's Local Civil Rule 5.1(a) states that "[t]he Clerk's Office will not accept any facsimile transmissions unless ordered by the Court." *See* Local Rule 5.1(a). Petitioner has failed to show good cause for the requested relief. Petitioner's conclusory statement that the costs of First-Class postage "can be" unduly burdensome for him is entirely unpersuasive and petitioner's motion is denied.

### C. Conclusion

The following motions are not well taken and are, hereby, **DENIED**: (1) "Motion for an Order Granting Petitioner Exemption Status pursuant to Section (9) of the 'Electronic Public Access Fee Schedule'" (ECF Doc. 08); and (2) "Motion for leave to file documents with the court via facsimile transmission or electronic mail." ECF Doc. 09.

IT IS SO ORDERED.

Dated: July 10, 2018

Thomas M. Parker
United States Magistrate Judge