UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TYLER SETH DUSTIN PAYNE, | ) | CASE NO. 1:18CV302 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| BRIGHAM SLOAN, Warden, | ) | ORDER AND OPINION |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court on Petitioner Tyler Payne's Objections to certain evidentiary and pretrial orders made by Magistrate Judge Thomas Parker. (Doc. 27). For the foregoing reasons, the Court **GRANTS, in part**, Petitioner's Objections.

## BACKGROUND FACTS

The following are the relevant facts to Petitioner's current objections. On February 7, 2018, Petitioner filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (Doc. 1). Petitioner asserted five grounds for relief. Pursuant to Local Rule 72.2, the Court referred the matter to Magistrate Judge Parker for pretrial monitoring and a Report and Recommendation. (Doc. 5).

The parties moved forward with pretrial briefing before the Magistrate Judge. On November 13, 2018, Petitioner filed his first Motion to Expand the Record under Rule 7 of the Rule Governing § 2254 Cases. (Doc. 18). Petitioner sought to expand the Record with eleven separate items. Petitioner also asked the Court to appoint counsel for the proceeding. (Doc. 19). Respondent filed his Opposition to Petitioner's Motion to Expand on January 18, 2019. (Doc. 24).

On February 26, 2019, the Magistrate Judge granted, in part, Petitioner's Motion to Expand the Record. (Doc. 25). Relevant for the current Order, the Magistrate Judge allowed an expansion of the Record regarding Items One, Two and Ten. The Magistrate Judge denied expansion of the Record regarding Items Three through Nine and Item Eleven. The Magistrate Judge also denied Petitioner's request for counsel.

On March 25, 2019, Petitioner's objection to the Magistrate Judge's Order was docketed. (Doc. 27).[1] In his Objection, Petitioner claimed the Magistrate Judge was incorrect in denying the Motion to Expand the Record pertaining to Items Three through Nine and Item Eleven. Petitioner also objected to the Magistrate Judge's denial of his request for counsel and the timeline established for filing his Traverse.

After Petitioner filed his Objection, the case proceeded forward. Respondent complied with the Magistrate Judge's Order and supplemented the Record. (Docs. 28, 30). Thereafter, the Magistrate Judge issued an Order requiring Petitioner to file a Traverse on or before December 23, 2019. (Non-Doc. Entry, 11/21/2019). Petitioner objected to this Order. (Doc. 32). In his Objection, Petitioner reiterated his previous objections and asked this Court to issue a ruling on his Objections prior to filing a Traverse.[2]

## STANDARD OF REVIEW

When a magistrate judge makes a ruling on a non-dispositive matter, the Federal Rules of Civil Procedure and this Court's Local Rules allow any party to appeal that decision. FED. R.

---

[1] On March 11, 2019, Petitioner moved for an extension of time to file objections to the Magistrate Judge's February 26, 2019 Order. (Doc. 26). The Court did not rule on Defendant's Motion before Petitioner filed his Statement of Appeal and Objections to the Order two weeks later. According, Defendant's Motion for an Extension to Object is **MOOT** and therefore **DENIED**.

[2] Shortly after filing this Objection, Petitioner filed a Second Motion to Expand the Record (Doc. 33), his Traverse (Doc. 34) and a Notice that he filed his Traverse "in an abundance of caution" in light of his objections to the Magistrate Judge's Orders (Doc. 35). The Magistrate Judge granted Petitioner's Second Motion to Expand. (Doc. 36).

CIV. PRO. 72(a); Loc. R. 72.3(a). In review of such non-dispositive decisions, the district court can modify or set aside any part of the order that is clearly erroneous or contrary to law. FED. R. CIV. PRO. 72(a); Loc. R. 72.3(a).

## ANALYSIS

**A.     Motion to Expand the Record – Items Three through Nine**

The Magistrate Judge denied in part Petitioner's Motion to Expand the Record. The Magistrate Judge determined that Items Three through Nine sought discovery from third parties, including documents and depositions that were not presented before the state court. Moreover, the Magistrate Judge determined Petitioner was conclusory in his claims that the requested items established good cause to grant leave to expand the Record.

In challenging this decision, Petitioner argues the Magistrate Judge's legal analysis was insufficient. Petitioner alleges the Magistrate was conclusory in his denial and failed to address the merits of each individual request. According to Petitioner, a court must look at each individual ground for relief, apply the requested information to that ground and decide if the requested information would entitle the petitioner to relief.

The Court determines that the Magistrate Judge's decision was not clearly erroneous or contrary to law. First, the Magistrate Judge correctly laid out the appropriate law regarding Rule 7 expansion of the record. There is a delicate dichotomy in accepting new evidence not before the state court. *Moore v. Mitchell*, 708 F.3d 760, 780-84 (6th Cir. 2013). Items Four through Nine[3] do not exist and would have to be created. Petitioner is fighting an uphill battle to have the Court and its limited resources go towards creating those Items.

---

[3] Items Four and Six assume an audio recording of a phone call between Petitioner and counsel exist. Petitioner has not made clear that this evidence does in fact exist.

- 3 -

Moreover, Items Three through Nine all go towards the underlying issue of the correctness of the trial transcript. While Petitioner seeks certain evidence to establish the ineffective assistance of his counsel, there is simply no prejudice if the underlying transcript is accurate. And there is ample evidence in the Record—as well as evidence that the Magistrate Judge allowed to be included (Item Two, the audio/video recording of the State trial)—that goes towards the correctness of the trial transcript issue. For example, Item Eight is duplicative as the Record contains an Affidavit of Ms. Jimenez's recollection about what occurred in the courtroom at the contested time. (*See* Doc. 12-1, PageID: 348).

Accordingly, the Court agrees with the Magistrate Judge and determines that Petitioner is not entitled to the expansion of the Record with Items Three through Nine.

**B.     Motion to Expand the Record – Item Eleven**

The Court agrees with Petitioner and overrules the Magistrate Judge's decision with respect to Item Eleven. The Magistrate Judge determined Petitioner's request in Item Eleven was moot because it was already included in the Record filed by Respondent. Petitioner argues that the documents the Magistrate Judge flagged were ruled on by the appellate court while Petitioner sought the documents filed with the trial court. (Doc. 27, PageID: 1286).

From the Court's review, it appears Petitioner filed the same document in both the trial and appellate courts. (*See* Doc. 12-1, PageIDs: 565-66 (trial court docket); 575-76 (appellate court docket)). Each court reached a determination on the document, albeit on different days—the trial court reached its determination on or about December 30, 2015 and the appellate court reached its determination on or about January 4, 2016. The Record contains the appellate court's determination. (*See id.*, PageID: 352). But it appears that the trial court's separate decision is

not included within the Record. Therefore, Petitioner's Motion to Expand the Record to include the trial court's decision is granted.

**C.     Motion to Appoint Counsel**

The Magistrate Judge denied Petitioner's second request for the appointment of counsel. The Magistrate Judge based his decision on the fact that appointment was not mandatory under the Rules and that Petitioner did not put forth an exceptional circumstance to warrant the appointment of counsel. Petitioner objects, arguing his Motion to Expand had merits and that the case presents extraordinary challenges with the procedures in the habeas context.

The Court determines that the Magistrate Judge's decision was not clearly erroneous or contrary to law. Like the Magistrate Judge, the Court understands the difficulties Petitioner faces as a *pro se* litigant in this matter. However, Petitioner does not have an automatic right to counsel in a habeas corpus proceeding. *McClesky v. Zant*, 499 U.S. 467, 495 (1991). Petitioner concedes this point. Moreover, compliance with procedural rules does not qualify as an exceptional circumstance as the Magistrate Judge rightly pointed out.

Accordingly, Petitioner's objection is overruled.

**D.     Filing of the Traverse**

Petitioner also objects to the Magistrate Judge's timeline to file the Traverse. This objection is moot however, as Petitioner has filed his Traverse "in an abundance of caution." (*See* Docs. 34 & 35).[4]

---

[4] Additionally, Petitioner filed his Traverse almost eight months after the original timeline ordered by the Magistrate Judge.

## CONCLUSION

Petitioner's Motion for an Extension of Time to Object (Doc. 26) is **MOOT** and therefore **DENIED**. Petitioner's Objection to the Magistrate's decision (Doc. 27) is **GRANTED in part,** as follows: Petitioner's objection is **OVERRULED** with respect to Items Three through Nine; **SUSTAINED** with respect to Item Eleven; **OVERRULED** with respect to his Motion to Appoint Counsel; and **MOOT** with respect to the timeline for filing his Traverse. Respondent shall file the requested document in Item Eleven within thirty days after the date of this Order.

**IT IS SO ORDERED.**

      s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: January 16, 2020**