## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **TYLER SETH DUSTIN PAYNE,** | ) | **CASE NO. 1:18CV302** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **BRIGHAM SLOAN, Warden,** | ) | **ORDER AND OPINION** |
| | ) | |
| **Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court on Petitioner Tyler Payne's Objections to certain evidentiary and pretrial orders made by Magistrate Judge Thomas Parker.  (Doc. 51).  For the foregoing reasons, the Court **OVERRULES** Petitioner's Objections.

Petitioner's grievance stems from a perceived incomplete record.  Specifically, during his State proceeding, Petitioner filed the same two motions on December 7, 2015 in both the trial court and the appellate court.  The record Respondent originally produced contained only the appellate court filings and decision; the record did not contain the trial court filings and decision.  Petitioner sought to expand the record to include the trial court filings and decision.  (Doc. 18).

On January 16, 2020, the Court sustained, in part, Petitioner's objection to the Magistrate Judge's ruling on Petitioner's Motion to Expand the Record.  (Doc. 37).  Specifically, the Court allowed the expansion of the record "to include the trial court's decision[.]"  (*Id.*, PageID: 1408).

After some back and forth, Respondent provided the trial court's judgment entry.  (Doc. 47-2).  Respondent also provided Petitioner's Motion for Leave to File "Statement of Evidence," although the last page was incomplete.  (Doc. 47-1).  This supplementation did not satisfy Petitioner.  Accordingly, he filed a motion to compel, asking for complete and legible copies of:

1) the Motion for Leave to File a Statement of Evidence, pursuant to App. R. 9(c); 2) the Statement of Evidence; and 3) the Motion to Modify, Correct, and Supplement the Record, pursuant to App. R. 9(c).  (Doc. 48).  Despite citing State appellate rule 9(c), Petitioner seeks the documents filed with the State trial court.  The Magistrate Judge denied Petitioner's request and required Petitioner file his Amended Traverse by October 30, 2020.  (Doc. 49).  Petitioner objected to the Magistrate Judge's ruling, which objection is the subject of this Order.  (Doc. 51).

Before the Court ruled on Petitioner's Objection, the Magistrate Judge issued his Report and Recommendation, which recommended dismissing Petitioner's claims and denying the Petition.  (Doc. 54).  Petitioner asked for additional time to respond to the Report and Recommendation, which the Court granted (Doc. 56 & Non-Doc. Entry 12/18/2020).  Instead of providing substantive objections after 59 days, Petitioner said he could not object to the Report and Recommendation because it was based on an incomplete record, citing his prior objection to the Motion to Compel decision.  (Doc. 59).

Appeasing Petitioner, the Court now addresses his original objections.  (Doc. 51).  When a magistrate judge makes a ruling on a non-dispositive matter, the Federal Rules of Civil Procedure and this District's Local Rules allow any party to appeal that decision.  FED. R. CIV. P. 72(a); Loc. R. 72.3.  In reviewing such non-dispositive decisions, the district court can "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  *Id.*

The Magistrate Judge did not clearly err in his decision to deny Petitioner's Motion to Compel.  As the Magistrate Judge explained, Respondent complied with the Court's order "to include the trial court's decision."  Since Respondent followed the Court's order completely, the Magistrate Judge did not err by not requiring anything more.

- 2 -

Even if the Court's order meant that Respondent had to provide the underlying motions that the trial court ruled on, the Magistrate Judge did not clearly err by denying Petitioner's request.  As mentioned in the Court's Order, it appears Petitioner filed the same documents in both the trial court and the appellate courts.  Respondent's supplement of the Motion for Leave confirms this.  (*Compare* Doc. 47-1 *with* Doc. 12-1, PageID: 349, reflecting similar substantive motions, with the only difference being a change in Defendant versus Appellant).  Thus, the record is "substantively" complete even without the specific trial court filings.  Moreover, each filing at issue—including those filed with the trial court—were brought under Ohio Appellate Rule 9(c).  The trial court's decision (provided by Respondent) makes clear that the trial court denied the motion based on a lack of jurisdiction.  (Doc. 47-2).  This makes sense—the trial court cannot rule on a motion brought under appellate procedures.

This Court is hard pressed to find a practical reason why these documents are so critical at this juncture.  Petitioner has not explained.  Rather, the Court is left with the impression that Petitioner would rather delay the determination of his Petition and find meaningless disputes than provide substantive responses.

Petitioner makes another evidentiary claim about the trial recordings, saying he had never received them.  The Magistrate Judge denied this request after Petitioner filed his objection. (Doc. 53).  And the time for objecting to this determination has passed.  Accordingly, the Court dismisses any request for the trial recordings in line with the Magistrate Judge's decision.  (Doc. 53).

Finally, Petitioner again moved to expand the record to include the documents discussed in this Order.  For the same reasons articulated herein, Petitioner's Third Motion to Expand is **DENIED**.  (Doc. 55).  The Court, in its discretion, also **DENIES** Petitioner's Motion for Permission

for Electronic Document Filing; Access to the CM/ECF System.  (Doc. 60).  Petitioner has proved more than capable to paper the record.  With one anticipated filing remaining, the Court does not see the point for granting access at this time.  However, the Court does reserve the option to reconsider should circumstances warrant upon the filing of Petitioner's objections.

With Petitioner's non-dispositive objections addressed, the Court will allow Petitioner one final opportunity to object to the Report and Recommendation.  This matter has been prolonged for long enough.  Petitioner has until March 30, 2021 to respond to the Report and Recommendation.  No further extensions will be allowed.

**IT IS SO ORDERED.**

 s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: March 2, 2021**